IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERMAINE EGGLESTON,

                Petitioner,

v.

WARDEN EMMERICH,

                Respondent.

OPINION AND ORDER

25-cv-326-wmc

---

    Petitioner Jermaine Eggleston is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Eggleston seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, petitioner contends that he has been denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. The petition will be denied and this case will be dismissed for the reasons explained below.

OPINION

    A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Petitioner is currently imprisoned as the result of a federal conviction from the United States District Court for the Central District of California. *See United States v. Jermaine Eggelsto*, No. 2:20-cr-434 (C.D. Cal.). The indictment in that case reflects that petitioner was charged with possession with intent to distribute at least 400 grams, specifically 9,986 grams, of a mixture and substance containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi). After a jury found petitioner guilty as charged in the indictment, he received a sentence of 156 months' imprisonment followed by an 8-year term of supervised release. His projected release date is April 3, 2032.

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, prisoners are ineligible to receive FTCs if they are serving sentences for certain offenses, including serious drug offenses charged under 21 U.S.C. § 841(a). *See* 18 U.S.C. § 3632(d)(4)(D) (listing offenses that render prisoners ineligible for FTCs). Prisoners convicted of a drug offense involving 400 grams or more of fentanyl and are sentenced under 21 U.S.C. § 841(b)(1)(A)(iv) are among those who are ineligible to receive FTCs. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi); *Banks v. Emmerich*, No. 25-cv-7-jdp, 2025 WL 296545, at *1 (W.D. Wis. Jan. 24, 2025).

Petitioner concedes that he did not exhaust administrative remedies regarding his claims. Nevertheless, the indictment in petitioner's underlying case reflect that he was charged with a drug offense described in 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(iv) and both the jury verdict and judgment reflect that he was convicted of those charges. As a result, petitioner is not eligible to have FTCs apply to his sentence. Because petitioner fails to show that his sentence has been calculated incorrectly, he is not entitled to relief under 28 U.S.C. § 2241, and his petition must be denied.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Jermaine Eggleston (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2. The clerk of court shall enter judgment and close this case.

Entered on this 11th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge